UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15CV5609

__Asad Gilani__

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

__Hewlett-Packard Company__
__MARC Angrola__
__Tim Cowen__

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

RECEIVED JUL 10 2015 PRO SE OFFICE

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial: ☑ Yes ☐ No
*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

✓ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

✓ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

___ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

✓ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

✓ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

Rev. 05/2010                                    1

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _Asad Gilani_
Street Address _666 Bedford Rd_
County, City _Armonk, NY 10504_
State & Zip Code _NY, 10504_
Telephone Number _914-224-8073_

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant    Name _Hewlett-Packard Company/_
Street Address _5400 Legacy Drive_
County, City _Plano, TX_
State & Zip Code _TX 75024_
Telephone Number _972-604-6000_

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer _Respondents Reprentative_
Street Address _Kevin M. Kraham Esq_
County, City _Littler Mendelson, PC_
State & Zip Code _1150 17th Street N.W_
Telephone Number _Suite 900_
_Washington DC, 20036_

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

    ✓ Failure to hire me.

    ✓ Termination of my employment.

    ___ Failure to promote me.

    ___ Failure to accommodate my disability.

    ___ Unequal terms and conditions of my employment.

*Rev. 05/2010*       2

      _____    Retaliation.

      _____    Other acts *(specify)*: _____.

    *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

**B.** It is my best recollection that the alleged discriminatory acts occurred on: **March 2012**
                                                                                          *Date(s)*

**C.** I believe that defendant(s) *(check one)*:

    _____    is still committing these acts against me.

    _____    is not still committing these acts against me.

**D.** Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

    ☒ race _____    ☐ color _____

    ☐ gender/sex _____    ☒ religion _____

    ☐ national origin _____

    ☒ age. My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

    ☐ disability or perceived disability, _____ *(specify)*

**E.** The facts of my case are as follow *(attach additional sheets as necessary)*:

    **See attached Complaint**
    _____
    _____
    _____
    _____

    *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

**III. Exhaustion of Federal Administrative Remedies:**

**A.** It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: **9/28/12** _____ *(Date)*.

B.   The Equal Employment Opportunity Commission *(check one)*:

   _____ has not issued a Notice of Right to Sue letter.
   ___✓___ issued a Notice of Right to Sue letter, which I received on __4/17/15__ *(Date)*.

   *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.   Only litigants alleging age discrimination must answer this Question.

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

   ___✓___ 60 days or more have elapsed.
   _____ less than 60 days have elapsed.

## IV.   Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: __See attach Compl.__

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __10TH__ day of __JULY__, 20__15__.

Signature of Plaintiff __[signature]__

Address __661 - Bedford Rd__
__Armonk, NY 10509__

Telephone Number __914-224-8073__

Fax Number *(if you have one)* _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASAD GILANI,
               Plaintiff,

v.

HEWLETT-PACKARD COMPANY,
               Defendant.

COMPLAINT

JURY TRIAL ~~REQUESTED~~ DEMANDED

July 10th, 2015

Plaintiff, Asad Gilani,, alleges as follows:

### NATURE OF THE ACTION

1. This action seeks recovery for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 *et seq.*, and the New York City Human Rights Law, N.Y. City Admin. Code § 8-107 *et seq.*, based on the willful and illegal employment practices of Defendant, Hewlett-Packard Company ("HP").

2. Mr. Gilani joined HP on November of 2011. Throughout his employment at HP, Mr. Gilani was highly regarded in his field and considered exceptionally qualified in providing technological support for a new service HP developed for a bank. HP did not criticize Plaintiff's work product or performance. A week after a conversation in which Plaintiff's supervisors discovered his religion (Muslim) and national origin (Pakistani) and the toll that the long hours were taking on Mr. Gilani due to his age (55), HP singled Plaintiff out for termination of employment based on a the pretextual reason of failure to submit time sheets. Characterizing his

termination as performance-based for failure to keep time, HP conceals unlawful discrimination based on national origin, religion, and age.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq. ("ADEA"), pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

5. The Court has supplemental jurisdiction over Plaintiff's claims under the New York City Human Rights Law, N.Y. City Admin. Code § 8-107 ("NYCHRL") and its implementing regulations pursuant to 28 U.S.C. § 1367, because these claims are so closely related to Plaintiff's claims under Title VII and the ADEA that they form part of the same case or controversy under Article III of the United States Constitution.

6. Personal jurisdiction over Defendant HP is proper because HP is licensed to do business in the state of New York and operates within the jurisdiction of the Southern District of New York. Hewlett-Packard has engaged, and continues to engage, in continuous, permanent, and substantial activity in New York. Hewlett-Packard is licensed to do business in New York and has one or more places of business in this judicial district.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)-(c) because HP may be found in this district, the events giving rise to the claim occurred in this district, and HP conducts business within this district.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENT

1. Mr. Gilani timely filed charges of national origin, religious, and age discrimination with the Equal Employment Opportunity Commission on September 28, 2012 and

2

the EEOC duly filed those charges with the New York City Human Rights Commission.

2. On April 17, 2015, the Equal Employment Opportunity Commission issued Mr. Gilani a Notice of Dismissal and Right to Sue, a copy of which is attached hereto as Exhibit A.

3. Contemporaneously with the filing of this Complaint, Mr. Gilani has mailed a copy to the New York City Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of Section 8-502 of the New York City Administrative Code.

## PARTIES

6. Plaintiff Asad Gilani is an adult individual who resides in Westchester, New York.

7. Mr. Gilani was employed by Defendant from November 9, 2011, through March 30, 2012, when HP unlawfully terminated his employment.

8. Defendant Hewlett-Packard Company is a Delaware Corporation and multinational information technology company, with headquarters located in Palo Alto, California United States. It operates offices in over 120 countries and territories. At all times, HP was Mr. Gilani's employer and exercised control over the terms and conditions of Mr. Gilani's employment.

## FACTS

9. Mr. Gilani worked as a Project Manager for HP starting in November of 2011. He worked on a technological support project for a new service HP developed for Bank of America. He worked on this project through his unlawful termination on March 30, 2012.

10. HP directed Mr. Gilani's daily activities and determined the number of hours that he worked each week. Further, HP assessed the quality and output of Mr. Gilani's work,

3

transferred projects between him and other Project Managers, took disciplinary action against Mr. Gilani, and ultimately terminated Mr. Gilani's employment.

11. Mr. Gilani began working for HP on November 9, 2011, as Project Manager for its Global Markets and Finance Project for Bank of America. His overall performance was considered strong during the course of this project. Mr. Gilani's projects were considered "well-managed," "well-implementing," and satisfying to the management receiving the work.

12. Throughout the duration of the project, Mr. Gilani was supervised by two HP Domain Account Executives, Tim Cowen and Mark Angarola.

13. On or around late March 2012, Mr. Gilani spoke with Mr. Cowen and Mr. Angarola and discussed the difficulty he (Mr. Gilani) was having with the long work hours – over 80 Plus per week – due to his age. During this conversation, Mr. Cowen and Mr. Angarola also became aware of Mr. Gilani's national origin and religion. Mr. Gilani was told by Marc Angola that we have to monitor our email system 24x 7 and respond to customer emails within 10 minutes receiving of email.

14. Mr. Angarola had previously made comments evidencing bias against Muslims and people of Pakistani origin. Specifically, he suggested that people of Pakistani origin and Muslims were terrorists and not to be trusted.

15. On March 26th Mr. Gilani's SAP accesses was disabled by HP as he tried to submit Time sheet on 26th. Mr. Gilani called and email Marc Angrola's Assistance in Plano Texts. Call Records can be verified no response was received and access not enabled

16. Approximately one week after the conversation, on March 26, 2012, Mr. Cowan generated a list of employees who had failed to submit timesheets. Around 20-30 employees had failed to submit timesheets in a timely manner during the investigated time period of two weeks.

4

17. Of the 20-30 employees who failed to submit timesheets, Mr. Gilani was the only Pakistani Muslim on the list. He also was the oldest employee on the list.

18. On March 26, 2012, an email was circulated to the employees who had failed to submit timesheets, reminding them to submit them in a timely manner. Due to the enormous amount of work Mr. Gilani required to do related to the project he was working on, he was unable to submit the time sheets on that day.

19. That same day, Mr. Angarola suggested to Mr. Cowan that he would like to fire Mr. Gilani for "blatant insubordination." Mr. Cowan responded that there was no-one else who could pick up Mr. Gilani's project and that timesheets were not that important until the end of the month in any event.

20. On the same day, Mr. Angarola expressed a desire to terminate Mr. Gilani's employment.

21. On or about March 28, 2012, despite Plaintiff's good performance throughout the course of the project and lack of disciplinary record, HP notified Mr. Gilani that it was terminating his employment, allegedly for failing to submit timesheets, and instructed him to transfer his projects to a different employee. HP did not terminate the employment of any other individuals at that time.

22. HP did not criticize Mr. Gilani's work performance nor did it suggest Mr. Gilani was incapable of performing the job it hired him to do.

23. Shortly after HP terminated Mr. Gilani's employment on March 28, 2012, an email was circulated to the staff stating time-keeping was a "simple administrative task" and that they could face disciplinary action in the future if they did not submit in a timely manner. The email stated that employees should now submit timesheets daily.

24.     In the email, HP did not suggest that disciplinary action for failing to perform the administrative task of timekeeping, which is unrelated to Project Managers' primary tasks, would include termination of employment.

25.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION:
### (Discrimination Because of National Origin and Religion)
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

26.     Plaintiff Asad Gilani repeats and re-alleges each and every allegation in the aforementioned paragraphs.

27.     Defendant, HP, violated Title VII of the Civil Rights Act of 1964 when it discriminated against Mr. Gilani in the terms and conditions of his employment and terminated his employment because of his national origin and religion. 42 U.S.C. § 2000e-2(a)(1). In doing so, the Defendant acted maliciously to interfere with Mr. Gilani's right to be free from discrimination based on national origin and religion.

28.     Defendant's attempt to justify its termination of Mr. Gilani's employment is pretextual: the submission of timesheets is an administrative task that is not related to Plaintiff's main duties or his performance and Defendant. Despite favorable reviews of Mr. Gilani's work over the prior four months and without prior disciplinary action for failing to submit a timesheet, Defendant terminated Mr. Gilani soon after learning about his religion and national origin.

29.     Mr. Gilani was treated differently than the rest of his coworkers who are younger and are not Pakistani Muslim. HP did not terminate the employment of the other individuals who failed to submit timesheets HP provided those individuals with warnings and opportunities to correct their behavior.

30. Mr. Gilani is entitled to damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action.

## SECOND CAUSE OF ACTION
### (Discrimination Because of Age)
### Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 *et seq.,*

38. Plaintiff Asad Gilani repeats and re-alleges each and every allegation in the aforementioned paragraphs.

39. Defendant, HP, violated the Age Discrimination in Employment Act of 1967 when it discriminated against Mr. Gilani in the terms and conditions of his employment and because of his age. 42 U.S.C. § 2000e-2(a)(1). In doing so, Defendant acted maliciously to interfere with Mr. Gilani's right to be free from discrimination based on age.

40. Mr. Gilani is entitled to damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action.

## THIRD CAUSE OF ACTION:
### (Discrimination Because of National Origin, Religion, and Age)
### New York City Human Rights Law, N.Y. City Admin. Code § 8-107 *et seq.*

41. Plaintiff Asad Gilani repeats and re-alleges each and every allegation in the aforementioned paragraphs.

42. Defendant, HP, violated the NYCHRL when it discriminated against Mr. Gilani in the terms and conditions of his employment and terminated his because of his national origin, religion, and age. N.Y. City Admin. Code § 8-107 et. al. In doing so, Defendant acted

maliciously to interfere with Mr. Gilani's right to be free from discrimination based on national origin, religion, and age.

43. Mr. Gilani is entitled to damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this court enter a judgment:

(a) Declaring that the acts, practices, and omissions complained of herein are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and finding that Defendant violated the legal obligation to maintain a workplace free of discrimination on the basis of national origin and religion.

(b) Declaring that the acts, practices, and omissions complained of herein are in violation of Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 *et seq.*; and finding that Defendant violated the legal obligation to maintain a workplace free of discrimination on the basis of age.

(c) Declaring that the acts, practices, and omissions complained of herein are in violation of New York City Human Rights Law, N.Y. City Admin. Code § 8-107 *et seq.*, and finding that Defendant violated the legal obligation to maintain a workplace free of discrimination on the basis of national origin, religion, and age.

(d) Directing Defendant to pay Plaintiff actual damages and otherwise make Plaintiff whole for the full amount of pay Plaintiff would have received but for Defendant's discrimination, including but not limited to past and future lost wages and benefits,

damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action.

## JURY DEMAND

45. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff is demand a trial by jury in this action.

Dated: New York, NY.
JULY 10TH, 2015

9

EEOC Form 161 (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Asad Gilani<br>661 Bedford Rd<br>Armonk, NY 10504 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is*<br>      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2012-47025 | Donna M. Walcott<br>Senior Investigator | (212) 336-3679 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

COPY

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)      Kevin J. Berry<br>                         District Director

APR 17 2015

*(Date Mailed)*

cc     HEWLETT-PACKARD COMPANY<br>
       **Respondent's Representative**<br>
       Kevin M. Kraham, Esq.<br>
       LITTLER MENDELSON, P.C.<br>
       1150 17TH Street, N.W.<br>
       Suite 900<br>
       Washington, DC 20036

       **CHARGING PARTY'S ATTORNEY**<br>
       Cara E. Greene, Esq.<br>
       OUTTEN & GOLDEN, LLP<br>
       3 Park Avenue, 29th Floor<br>
       New York, NY 10016