UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ASAD GILANI,

                  Plaintiff,

    -against-

HEWLETT PACKARD COMPANY, TIM
COWAN, MARK ANGAROLA, and LISA
MINCAK.

                Defendants.

---------------------------------------------------------------X

15-CV-05609 (NSR)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2017

NELSON S. ROMÁN, United States District Judge:

Pending before the Court is Plaintiff's motion seeking to compel non-party Insight Global, LLC ("Global") to comply with a subpoena seeking the production and inspection of documents. (Doc. No. 59.) Non-party Global opposes the motion. (Doc. No. 60.) For the following reasons, the motion to compel is DENIED.

## BACKGROUND[1]

Plaintiff Asad Gilani ("Plaintiff" or "Gilani") commenced the instant action alleging claims sounding in discrimination and wrongful termination under Title VII of the Civil Rights Act, Age Discrimination in Employment Act, the NYS Human Rights Law and the NYC Human Rights Law. (Doc. Nos. 2,7 and 36.)[2] Plaintiff's claims occurred during his alleged employment by Hewlett-Packard Co. ("Hewlett") from November 2011 through March 2012. (Id.) Defendants initially appeared in this action on April 18, 2015, and filed an answer(s) (Doc. Nos. 23 and 37) wherein they denied Plaintiff's allegations and asserted multiple affirmative defenses.

Defendants sought and were granted leave to seek limited discovery in support of their proposed motion to dismiss. Defendants assert, *inter alia*, that because Hewlett was not Plaintiff's "employer," as

---

[1] Facts are taken from Plaintiff's complaint and the parties submissions unless otherwise noted.
[2] The operative complaint is Plaintiff's Second Amended Complaint.

Copies mailed/faxed 9/22/2017
Chambers of Nelson S. Román. U.S.D.J.

defined by relevant statute, it therefore could not be held liable. In particular, Defendants assert Plaintiff was an employee of Global, a staffing services company, who contracted with Hewlett to provide technical support services. Purportedly, Plaintiff provided the services to Hewlett on behalf of Global.

Seeking discovery as well, Plaintiff served a subpoena upon Global requesting production of the "Original Executed contract/copy." In response, Global produced "a copy of the Contract Employee Agreement made as of November 7, 2011, between Insight Global and Plaintiff (the 'Contract Employment Agreement')." A review of the document appears to contain the signatures of Plaintiff and a representative of Global.[3] In further response to the subpoena, Global represents it conducted a "good faith search" and was unable to locate the original executed copy. (Doc. No. 60, Ex. A.)

## STANDARD OF REVIEW

"A trial court enjoys wide discretion in its handling of pre-trial discovery." *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). Rule 26(b)(1) provides in relevant part that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." "Relevance" has been broadly interpreted to include "any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). For the information to be relevant, it need not be admissible. *Weinstein v. Univ. of Connecticut*, No. 11-CV-1906 (WWE), 2012 WL 3443340, at *3 (D. Conn. Aug. 15, 2012). Rule 45 permits any party to serve a subpoena requiring a nonparty "to attend and testify" or to "produce designated documents." Every subpoena, including one served upon a nonparty, is subject to the relevance requirements set forth in Rule 26. *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (internal citations omitted).

---

[3]Global timely served its objections to the subpoena.

## DISCUSSION

Despite Plaintiff's vague request, Global produced a copy of the contract requested. [4] The contract appears to directly relate to Plaintiff's claims since it was purportedly executed during the relevant time frame referenced in the complaint. Plaintiff's sole objection to Defendants' response to the subpoena concerns Defendants' alleged resistance to his request to inspect the original document. Such request, however, lacks merit. Defendants represent the document provided to Plaintiff is a "true and correct copy" and after a "good faith" search of their records they are unable to produce the originally executed document. Accordingly, it is the Court's determination that Defendants have fully complied with Plaintiff's subpoena.

## CONCLUSION

Based on the foregoing, Plaintiff's motion seeking to compel nonparty Global to comply with a duly served subpoena is DENIED as moot. The Clerk of the Court is directed to terminate the motion at Doc. No. 59. This constitutes the Court's Order.


September 22, 2017
White Plains, NY

Judge Nelson S. Román
U.S. District Court, S.D.N.Y.

---

[4] A copy of the contract was attached to Defendants' opposition papers.