UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __04/06/2022__
```

ASAD GILANI**,**

                                    Plaintiff,

        -against-

HEWLETT-PACKARD COMPANY,

                                    Defendant.

15-CV-5609 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

Presently pending before the Court is *pro se* Plaintiff's "Reconsidering Motion for Amended Complaint" (ECF No. 155). For the reasons that follow, the Court DENIES *pro se* Plaintiff's motion.

On July 7, 2015, *pro se* Plaintiff filed his original Complaint against Defendant Hewlett-Packard Company ("HP") and other individual defendants asserting claims of unlawful employment discrimination. (Compl., ECF No. 2.) On November 2, 2015, *pro se* Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 7.) After *pro se* Plaintiff again sought leave to amend his complaint, (ECF No. 31), which the Court subsequently granted, (ECF No. 35), he filed his Second Amended Complaint on June 27, 2016. (ECF No. 36.) The defendants filed their answer on July 8, 2016. (Answer, ECF No. 37.) After the defendants filed a motion to dismiss, for judgment on the pleadings, and for partial summary judgment, the Court granted in part, denied in part the motion on September 12, 2018, dismissing, *inter alia*, all of *pro se* Plaintiff's claims against the individual defendants with prejudice. (ECF No. 92.)

On September 27, 2018, after consultation with the parties, the Court entered a Civil Case Discovery Plan and Scheduling Order with several pretrial deadlines to which the parties agreed. (ECF No. 94.) One of these deadlines was the parties' deadline to file amended pleadings in this

case: October 26, 2018. (*Id.* at 1.) That same day, the Court also referred the case to U.S. Magistrate Judge Lisa M. Smith for general pretrial purposes, including scheduling, discovery, non-dispositive pretrial motions, and settlement. (ECF No. 93.)

On January 23, 2019, Magistrate Judge Smith held a status conference with the parties, during which she extended *pro se* Plaintiff's deadline to request leave to amend his complaint a third time to January 25, 2019. Three days later, on January 28, 2019, *pro se* Plaintiff untimely filed a Fourth Amended Complaint (even though it should have been his third) without prior leave of the Court. (ECF No. 142.) On February 19, 2019, Magistrate Judge Smith struck *pro se* Plaintiff's Fourth Amended Complaint for failure to properly and timely file a motion seeking leave to file an amended complaint. (ECF No. 152.) On February 22, 2019, *pro se* Plaintiff filed the instant motion. (ECF No. 155.) Defendant HP filed its response in opposition on March 11, 2019. (ECF No. 156.) *Pro se* Plaintiff filed his reply the next day. (ECF No. 157.)

As an initial matter, the docket shows that *pro se* Plaintiff did not file any motion seeking leave to file an amended complaint on which to base his instant "motion for reconsideration." Put differently, there is no underlying motion seeking leave to file an amended complaint for the Court to reconsider. Indeed, Magistrate Judge Smith struck the Fourth Amended Complaint from the record precisely for that reason.

Furthermore, to the extent the Court liberally construes the instant motion as one seeking reconsideration of Magistrate Judge Smith's ruling striking his Fourth Amended Complaint, the actual proper construction of the instant motion must be as objections to her ruling under 28 U.S.C § 636(b)(1)(A) and Federal Rule of Civil Procedure 72. Specifically, section 636(b)(1)(A) provides that "a judge may designate a magistrate judge to hear and determine" certain pretrial matters, and that "[a] judge of the court [i.e., a district judge] may reconsider any pretrial matter under [this

provision] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C § 636(b)(1)(A). Building on this statute, Federal Rule of Civil Procedure 72 provides that:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Therefore, the Court liberally construes *pro se* Plaintiff's instant motion as his objections to Magistrate Judge Smith's ruling striking his Fourth Amended Complaint from the record.

In construing the instant motion as such, the Court notes that *pro se* Plaintiff timely filed his objections because he filed them within fourteen days of the ruling. However, even when liberally construing his objections, *pro se* Plaintiff provides no argument whatsoever as to why Magistrate Judge Smith's ruling was clearly erroneous or is contrary to law. Instead, *pro se* Plaintiff provides a garbled letter that appears to proffer some factual information, none of which is relevant to the instant motion. (*See* ECF No. 155.) Neither does *pro se* Plaintiff's reply fare any better because it is also garbled and incomprehensible, and also seems to proffer additional irrelevant factual information. (*See, e.g.*, ECF No. 157 at 2 ("Fifth Material Fact, if Judge Smith denied Plaintiff's request because Jude Smith did not see that Plaintiff filed Motion to allow Plaintiff to Amend the Complaint and she denied Plaintiff Motion the Court should also zapped Defendant HP's opposition response should be zapped according to Rule 6.1(b) as Judge Smith did to Plaintiff's Motion, but Plaintiff did file the Motion on January 25, 2019 at 10:12 p.m.").)[1]

---

[1] The Court intentionally left the typos and grammatical errors found in this quoted excerpt.

Therefore, because *pro se* Plaintiff fails to argue how Magistrate Judge Smith's ruling striking his Fourth Amended Complaint from the record is clearly erroneous or contrary to law, the Court OVERRULES *pro se* Plaintiff's objections and UPHOLDS Magistrate Judge Smith's ruling. The Court further ORDERS the parties to confer and jointly file a written status update on the current status of this case on or before April 15, 2022. The Clerk of the Court is directed to mail a copy of this Order to *pro se* Plaintiff at his address on ECF and to show service on the docket.

Dated: April 6, 2022
       White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge